UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RONNIE HOGAN,**

      **Plaintiff,**

-vs-                                                Case No. 6:08-cv-1897-Orl-19KRS

**PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,**

      **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss for Failure to State a Claim and to Dismiss or Strike Claims for Punitive Damages by Defendant Provident Life & Accident Insurance Company (Doc. No. 25, filed Feb. 6, 2009);

2. Response to Defendant's Motion to Dismiss for Failure to State a Claim and to Dismiss or Strike Claims for Punitive Damages by Plaintiff Ronnie Hogan (Doc. No. 31, filed Feb. 17, 2009);

3. Stipulated Voluntary Dismissal of Count II with Prejudice (Doc. No. 33, filed Feb. 20, 2009);

4. Motion for Leave to File Reply to Plaintiff's Response by Defendant (Doc. No. 34, filed Feb. 20, 2009);

5. Motion for Leave of Court to Amend Complaint to Add Party Defendant by Plaintiff (Doc. No. 37, filed May 28, 2009); and

6. Response in Opposition to Motion for Leave of Court to Amend Complaint and Incorporated Memorandum of Law by Defendant (Doc. No. 40, filed June 22, 2009).

**Background**[1]

This action, brought in federal court pursuant to its diversity jurisdiction, concerns the "Long Term Disability Insurance Policy" which covers employees of the City of Altamonte Springs, Florida ("the City") and is provided by Defendant Provident Life and Accident Insurance Company. (Doc. No. 1, filed Nov. 10, 2008; Doc. No. 1-2 at 1, 3.) Plaintiff Ronnie Hogan was an employee of the City who was covered under the policy. (Doc. No. 1 at 1; Doc. No. 1-5 at 2.)

In October of 2001, Defendant began paying Plaintiff long term disability benefits. (Doc. No. 1 at 1; Doc. No. 1-5 at 2.) Defendant continued to make payments to Plaintiff under the policy until the end of February of 2004. (Doc. No. 1 at 1; Doc. No. 1-5 at 3.) Over two years later, on August 27, 2006, Plaintiff sued Defendant for reimbursement of past due disability payments. (Doc. No. 1 at 2.) Defendant answered Plaintiff's claim by stating that Plaintiff was no longer disabled and therefore no longer entitled to disability benefits under the policy. (*Id.*) Therefore, Plaintiff submitted a "Civil Remedy Notice of Insurer Violation" to the Florida Department of Financial Services as required by statute. (*Id.*; Doc. No. 1-4.) In response, Defendant again stated that Plaintiff was no longer disabled and thus not entitled to benefits under the policy. (Doc. No. 1 at 2; Doc. No. 1-5.) Nevertheless, on January 30, 2008, Defendant "confessed judgment by paying the benefits" demanded by Plaintiff in his lawsuit. (Doc. No. 1 at 2.)

---

[1] The facts presented herein are derived from the allegations of the Complaint and the attached documents. These facts are included only to provide context and should not be construed as findings of fact.

Plaintiff brought this action on November 11, 2008. He asserts five counts in the Complaint: (1) violation of § 624.155(1)(b)(1), Fla. Stat. (2008), due to Defendant's failure to attempt in good faith to settle claims; (2) violation of § 626.9541(1)(e)(1), Fla. Stat., through the knowing making, dissemination, and delivery of false statements; (3) violation of § 626.9541(1)(i)(2), Fla. Stat., by making material misrepresentations to Plaintiff to effect settlement on less favorable terms than those provided in the policy; (4) violation of § 626.9541(1)(i)(3), Fla. Stat., due to Defendant's general business practice of mishandling claims; and (5) breach of fiduciary duty. (Doc. No. 1 at 3-10.)

Defendant answered the Complaint, denying its liability for Plaintiff's claims and asserting twenty-one affirmative defenses, including as its ninth defense the failure to state a claim for which relief can be granted. (Doc. No. 24, filed Feb. 6, 2009.) Defendant then moved to dismiss the Complaint for failure to state a claim and to strike the prayer for punitive damages. (Doc. No. 25.) Plaintiff opposed the Motion of Defendant except with regard to Count II which Plaintiff voluntarily dismissed with prejudice. (Doc. Nos. 31, 33.) Defendant then sought leave to file a Reply to Plaintiff's Response. (Doc. No. 34.) Later, Plaintiff moved for leave to amend the Complaint to add another party defendant. (Doc. No. 37.) Defendant opposed this Motion, claiming that leave to amend should be denied as futile. (Doc. No. 40.)

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, ___, 127 S. Ct. 2499, 2509 (2007) (citation omitted); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 127 S. Ct. at 2509 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

**I.     Proper Construction of the Motion to Dismiss**

A motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6) "must be made before pleading." Nevertheless, failure to file a motion prior to the close of pleadings does not waive the defense of failure to state a claim because Rule 12(h)(2) allows a party to raise this defense in any pleading allowed under Rule 7(a), by motion under Rule 12(c), or at trial. A motion under Rule 12(c) seeks judgment on the pleadings and is brought "after the pleadings are closed–but early enough not to delay trial." A court should construe a post-answer motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c). *Byrne v. Nezhat*, 261 F.3d 1075, 1096 n.46, 1104 n.63 (11th Cir. 2001) (treating district court's ruling under Rule 12(b)(6) on a post-answer motion to dismiss as a ruling under Rule 12(c)); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 125-27 (2d Cir. 2001) (citing cases); *Edwards v. City of Goldsboro, N.C.*, 178 F.3d 231, 243 (4th Cir. 1999); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed. 2004).

If the court finds the motion to be meritorious, it does not have to grant final judgment to the defendant; instead, the court may dismiss the complaint without prejudice to the filing of an amended complaint. *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976)[2]; *see also M.H.D. v. Westminster Schools*, 172 F.3d 797, 802 n.12 (11th Cir. 1999) ("If the court concludes that the federal statute provides no relief, as is true in this case, then it properly dismisses that cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 12(c)."). Therefore, the standard of

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

review for considering a motion that raises the defense of failure to state a claim is the same under Rule 12(b)(6) and Rule 12(c). *Robert v. Abbett*, No. 3:08-cv-329-WKW(WO), 2009 WL 902488, at *3 & n.4, *17 (M.D. Ala. Mar. 31, 2009) (citing cases); *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 1:08-cv-21582, 2008 WL 5169458, at *1 (S.D. Fla. Dec. 8, 2008); *Thompson v. Rinker Materials of Fla., Inc.*, 390 F. Supp. 2d 1165, 1167 n.4 (M.D. Fla. 2005); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) ("Whether the court examined Count IV of the second and third amended complaints under Rule 12(b)(6) or Rule 12(c), the question was the same: whether the count stated a claim for relief.").

In the instant matter, Defendant filed a Rule 12(b)(6) Motion to Dismiss after answering the Complaint. Even though brought under the incorrect Rule, the Motion may be considered by the Court under Rules 12(c) and 12(h)(2). The Court applies the same legal standard as it would in reviewing a Rule 12(b)(6) motion.

## II.     Merits of the Motion to Dismiss

Defendant moves to dismiss the Complaint for the following reasons: (1) Count II, claiming a violation of § 626.9541(1)(e)(1), Fla. Stat., attempts to assert a private cause of action where none exists under the statute; (2) Count V, breach of fiduciary duty, fails because there is no fiduciary relationship between the parties; and (3) the prayers for punitive damages in all five counts are merely conclusory and do not include sufficient facts to support the requests for punitive damages. (Doc. No. 25 at 1-2.) In response, Plaintiff voluntarily dismissed Count II of the Complaint under Rule 41(a)(1)(A)(ii). (Doc. No. 33.) Plaintiff also filed a Response opposing Defendant's Motion as to Count V and the prayers for punitive damages. (Doc. No. 31.)

A.  **Count V: Breach of Fiduciary Duty**

In its Motion, Defendant claims that there is no fiduciary relationship in first-party benefits cases between an insurer and its insured as a matter of law.  (Doc. No. 25 at 9.)  In making this argument, Defendant relies heavily on *Kujawa v. Manhattan National Life Insurance Co.*, 541 So. 2d 1168 (Fla. 1989), a case in which the Florida Supreme Court concluded that the insurer-insured relationship in first-party actions was adversarial in nature.  (Doc. No. 25 at 9.)  In addition, Defendant notes that the insurance policy at issue gave Defendant a wide range of discretion to decide coverage and benefits issues, thus demonstrating that Defendant owed no fiduciary duty to Plaintiff.  (*Id.* at 10.)  In response, Plaintiff contends that the Florida Supreme Court has since receded from its *Kujawa* opinion as stated in *Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121 (Fla. 2005).  (Doc. No. 31 at 3.)  Plaintiff further claims that he pled sufficient facts to state a claim for breach of fiduciary duty.  (*Id.* at 8-10.)

Both parties miss the mark in their citations to *Kujawa* and *Ruiz* because these cases involve an analysis of the discovery rules in first-party bad faith actions.[3]  *See Ruiz*, 899 So. 2d at 1124 ("The instant action causes us to review and revisit previous decisions regarding discovery issues that arise in bad faith insurance litigation."); *Kujawa*, 541 So. 2d at 1169 (concluding that "the legislature in creating the bad faith cause of action did not evince an intent to abolish the attorney-client privilege and abolish work product immunity").  Secondly, the decisions refer to the *statutory* first-party bad faith action defined in Section 624.155(1)(b)(1) of the Florida Statutes.  *Ruiz*, 899 So.

---

[3] A first-party bad faith action involves a case in which an insured sues his or her own insurance company for improper denial of benefits.  *Time Ins. Co., Inc. v. Burger*, 712 So. 2d 389, 391 (Fla. 1998).  A third-party bad faith action concerns a claim "in which an insured sues his liability insurance company for bad faith in failing to settle a claim which ultimately results in a third-party judgment against him in excess of the policy limits."  *Id.* (citations omitted).

2d at 1124; *Kujawa*, 541 So. 2d at 1169. In Count V, Plaintiff asserts a *common law* breach of fiduciary duty claim.[4] (Doc. No. 1 at 9-10.) As explained by Florida's Supreme Court, this claim is the equivalent of a common law bad faith claim, and Florida does not recognize a common law first-party bad faith cause of action because there is no fiduciary relationship between an insurer and an insured in this context:

> In contrast to third-party bad faith claims, Florida common law did not permit first-party claims in which an insured contends that his insurance company is acting in bad faith for refusing to pay for benefits under the policy. *Baxter v. Royal Indem. Co.*, 285 So.2d 652 (Fla. 1st DCA 1973). As Judge Wigginton explained, *unlike the fiduciary relationship existent in a third-party claim*, the relationship between the parties in a dispute over the insurance contract is that of debtor and creditor. *Id.*

*Time Ins. Co., Inc.*, 712 So. 2d at 391 (emphasis added); *accord Allstate Ins. Co. v. Douville*, 510 So. 2d 1200, 1201 (Fla. 2d DCA 1987) ("The law is well-established in Florida that there is no common law cause of action for a bad faith breach of an insurance carrier when the insured is denied coverage by the insurer, a so-called 'first party claim.' . . . When the insured is claiming against his own insurance company, that fiduciary relationship does not exist."). No fiduciary relationship exists under Florida law between the insurer, Defendant, and the insured, Plaintiff, in the manner alleged by Plaintiff; therefore, Count V of the Complaint must be dismissed.

**B.  Prayers for Punitive Damages**

Defendant moves to dismiss or strike the prayers for punitive damages included in all counts of the Complaint on the ground that these claims are conclusory and do not provide specific allegations of fact to justify an award of punitive damages. (Doc. No. 25 at 11-14.) To support its

---

[4] Plaintiff asserted a statutory bad faith claim in Count I of the Complaint. (Doc. No. 1 at 3-4.)

assertion, Defendant cites the pleading standard set forth in Section 768.72 of the Florida Statutes.[5] (*Id.*) Plaintiff responds by stating that his claims are sufficient to survive a motion to dismiss or strike. (Doc. No. 31 at 11-12.)

The Eleventh Circuit has held that the portion of Section 768.72 of the Florida Statutes prohibiting pleading punitive damages in the initial complaint conflicts with Federal Rule of Civil Procedure 8(a)(3) which provides, "A pleading that states a claim for relief must contain . . . a demand for relief sought . . . ." *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069, 1076-77, 1083 (11th Cir. 2000). The court has also determined that the substantive pleading standard of Section 768.72 (requiring a "reasonable showing" that demonstrates "a reasonable basis for recovery of such damages") did not conflict with Federal Rule of Civil Procedure 8(a)(2) (permitting a "short and plain statement of the claim") because a prayer for punitive damages is not a "claim" within the meaning of that Rule. *Cohen*, 184 F.3d at 1297. Thus, as suggested by the Eleventh Circuit in a later case interpreting *Cohen*, the substantive pleading requirements for punitive damages in Section 768.72 of the Florida Statutes remains valid law. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340-41 (11th Cir. 2001) (explaining the holding in *Cohen* that "the pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages" but nevertheless applying the rule that "[u]nder Florida law, merely setting

---

[5] The relevant portion of the statute provides: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure." § 768.72(1), Fla. Stat.

forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages", and "a plaintiff must plead specific acts committed by a defendant").

Defendant is correct that the allegations in all of the counts of the Complaint are conclusory and largely parrot the statutory language. (*See* Doc. No. 1 at 3-9.) This creates a problem under Florida's pleading standard for punitive damages as well as the federal pleading requirements for the underlying substantive claims as recently articulated by the United States Supreme Court in *Iqbal*, 129 S. Ct. at 1949-50. In *Iqbal*, the Supreme Court warned that, even under the presumptions favoring the plaintiff on a motion to dismiss for failure to state a claim, a court should not confuse conclusory allegations with factual allegations. *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). As the Court has explained, "a plaintiff's obligation to provide the grounds of his entitlement to relief [under Federal Rule of Civil Procedure 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 550 U.S. at 555 (quotation marks, alteration, and citation omitted). The Court continued,

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 555 n.3 (citation omitted). In addition, the Court has stated, "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, the plaintiff must go beyond the "conclusory" and must offer "some further factual enhancement" in order to "enter the realm of plausible liability." *Twombly*, 550 U.S. at 557 & n.5.

The Eleventh Circuit has used similar language to review district court orders on motions to dismiss for failure to state a claim. For example, the court has stated that "[c]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (alteration omitted) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). The court further explained, "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263.

With this standard in mind, the Court finds that the allegations of the remaining counts of the Complaint are merely conclusory. For example, Plaintiff states the following:

> 15. In violation of Fla. Stat. §624.155(1)(b)(1), Defendant is guilty of not attempting in good faith to settle the claims when, under the circumstances, it could have and should have done so, had it acted fairly and honestly towards its insured, and with due regard for his interests.
>
> * * *
>
> 19. The wrongful conduct alleged herein was motivated solely by unreasonable financial gain. The unreasonably dangerous conduct and the high likelihood of injury resulting from the conduct was known by the managing agent, director, officer, or other persons responsible for making policy decisions on behalf of the Defendant.[6]
>
> * * *
>
> 22. In violation of Fla. Stat. §626.9541(l)(e)1, Defendant is guilty of knowingly making, disseminating, delivering directly or indirectly false statement(s).
>
> * * *
>
> 29. In violation of Fla. Stat. §626.9541(I)(i)2, Defendant is guilty of making a material misrepresentation to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy.

---

[6] This language is repeated verbatim in all counts of the Complaint as paragraphs 19, 26, 33, 40, and 47.

(Doc. No. 1 at 3-4, 6.) These pleadings simply restate the statutory language. Such legal conclusions, couched as factual allegations, are not entitled to the presumption of truth. *Papasan*, 478 U.S. at 286. Moreover, to the extent that Plaintiff is alleging fraud as a basis for relief, his claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Because Plaintiff has failed to offer well-pled facts to support his claims, he has failed to state a claim for which relief may be granted, and dismissal of the remaining Counts I, III, and IV of the Complaint is appropriate. Plaintiff has leave to replead these counts with greater factual specificity.[7]

## III. Motion for Leave to Amend to Add Party Defendant

Plaintiff has also filed a Motion for Leave to Amend the Complaint to Add a Party Defendant. (Doc. No. 37.) In this Motion, Plaintiff contends that Defendant is a subsidiary of Unum Group Corporation and that "the responsibility for handling" Plaintiff's disability benefits claim was "intertwined between the separate legal entities" of Defendant and Unum Group Corporation. (*Id.* at 2, 4.) The Motion was made on May 28, 2009, the day before the deadline for motions to add parties or amend the pleadings as stipulated by both Plaintiff and Defendant in the Case Management Report. (Doc. No. 22 at 1, filed Feb. 2, 2009.) This deadline was adopted by the Court

---

[7] There is an additional problem with the allegations of the Complaint and the attached documents. The pleadings are not clear as to whether the policy at issue is an individual disability policy or an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1) (2006). If this policy falls under ERISA, most if not all of the state law claims asserted in the Complaint may be preempted. *E.g.*, *Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 197-98 (11th Cir. 1992); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1563-65 (11th Cir. 1987). Because neither party has briefed the issue, the Court declines to decide the matter *sua sponte* at this time. However, Plaintiff should bear this in mind when filing his Amended Complaint, and the parties should be prepared to address the issue in future filings with the Court.

in the Case Management and Scheduling Order. (Doc. No. 27 at 1, filed Feb. 9, 2009.) Accordingly, Plaintiff's Motion is timely.

Defendant argues in opposition to the Motion that amendment would be futile because of the corporate structure of Defendant and Unum Group Corporation. (Doc. No. 40 at 4 ("Provident Life is an indirect wholly owned subsidiary of Unum Group. Unum Group did not and never has assumed liability for the claims maintained against Provident Life. Unum Group is a Delaware general business corporation and a non-insurance holding company of insurance and non-insurance subsidiary companies." (citations omitted).) In making these assertions, Defendant asks the Court to consider matters outside the pleadings. (*E.g.*, Doc. No. 40-2.) Prior to reviewing papers in support of or in opposition to a motion for summary judgment, such arguments are premature and will not be considered by the Court on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, ___, 127 S. Ct. 2499, 2509 (2007) (citation omitted); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). However, counsel for Plaintiff is admonished that allegations in all pleadings must have a sufficient basis in law and fact under Federal Rule of Civil Procedure 11(b). Failure to meet the requirements of Rule 11(b) may result in sanctions against the attorney, the party, or both. Fed. R. Civ. P. 11(c).

Because of the timeliness of the Motion and the fact that the Court has already determined that Plaintiff has leave to amend the Complaint, the Court grants Plaintiff's Motion for leave to add a party defendant in a manner which complies with the requirements of Rule 11.

## Conclusion

Based on the foregoing, the Motion to Dismiss for Failure to State a Claim and to Dismiss or Strike Claims for Punitive Damages by Defendant Provident Life & Accident Insurance Company

(Doc. No. 25, filed Feb. 6, 2009) is **GRANTED**, and Counts I, III, IV, and V of the Complaint are **DISMISSED WITHOUT PREJUDICE**. Pursuant to the Stipulated Voluntary Dismisal of Count II with Prejudice (Doc. No. 33, filed Feb. 20, 2009), Count II of the Complaint is **DISMISSED WITH PREJUDICE**. The Motion for Leave to File Reply to Plaintiff's Response by Defendant (Doc. No. 34, filed Feb. 20, 2009) is **DENIED AS MOOT**, and the Motion for Leave of Court to Amend Complaint to Add Party Defendant by Plaintiff (Doc. No. 37, filed May 28, 2009) is **GRANTED**. Plaintiff has leave to file an Amended Complaint that comports with the Court's findings in this Order within ten (10) days from the date of this Order.

    **DONE** and **ORDERED** in Chambers in Orlando, Florida on July 19, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record