**RONNIE HOGAN,**

                         **Plaintiff,**

**-vs-**                                                  **Case No.  6:08-cv-1897-Orl-19KRS**

**PROVIDENT LIFE AND ACCIDENT**
**INSURANCE COMPANY, and**
**UNUM GROUP CORPORATION,**

                         **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1.      Consolidated Motion to Dismiss First Amended Complaint for Failure to State a

        Claim or, in the Alternative, Motion for Judgment on the Pleadings by Defendants

        Provident Life and Accident Insurance Company and Unum Group Corporation

        (Doc. No. 46, filed Aug. 17, 2009); and

2.      Response to Motion to Dismiss by Plaintiff Ronnie Hogan (Doc. No. 49, filed Sept.

        10, 2009).

## Background[1]

This action, brought in federal court pursuant to its diversity jurisdiction, concerns the Long

Term Disability Insurance Policy which covered the Plaintiff and was provided by Defendant

Provident Life and Accident Insurance Company ("Provident").  (Doc. No. 42, filed Nov. 10, 2008,

---

[1]   The facts presented in this Order are derived from the allegations of the Amended Complaint and the attached documents.  These facts are included only to provide context and should not be construed as findings of fact.

¶ 4.) In October of 2001, Defendant Provident began paying Plaintiff Hogan long term disability benefits. (*Id.* ¶ 6.) Provident discontinued payments to Hogan on or about February 29, 2004. (*Id.* ¶ 9.) On August 27, 2006, Hogan sued Provident for reimbursement of past due disability payments. (*Id.* ¶ 10.) Provident answered Hogan's complaint, claiming that he was no longer disabled and therefore no longer entitled to disability benefits under the policy. (*Id.* ¶ 11.) On June 27, 2007, Hogan submitted a Civil Remedy Notice of Insurer Violation to the Florida Department of Financial Services as required by statute. (*Id.* ¶ 12.) In response, Provident again stated that Hogan was no longer disabled and thus not entitled to benefits under the policy. (*Id.* ¶ 13.) Nevertheless, on January 30, 2008, Provident confessed judgment and paid the benefits demanded by Hogan. (*Id.* ¶ 15.)

Defendant Unum Group Corporation (f.k.a. Unumprovident) ("Unum") has been the holding company of Provident since 1999. (*Id.* ¶ 5.) Plaintiff Hogan alleges that Provident utilized not only its own employees, but also Unum's employees, to adjust, review, evaluate, handle, approve, and deny his disability insurance benefits. (*Id.* ¶ 6.) Additionally, Hogan alleges that Unum was the actual or apparent agent of Provident. (*Id.* ¶ 7.)

Plaintiff initially filed a Complaint against Defendant Provident asserting five counts: (1) violation of § 624.155(1)(b)(1), Florida Statutes, (2008), due to Provident's failure to attempt in good faith to settle claims; (2) violation of § 626.9541(1)(e)(1), Florida Statutes, for the knowing making, dissemination, and delivery of false statements; (3) violation of § 626.9541(1)(i)(2), Florida Statutes, for making material misrepresentations to Plaintiff to effect settlement on less favorable terms than those provided in the policy; (4) violation of § 626.9541(1)(i)(3), Florida Statutes, due to Provident's general business practice of mishandling claims; and (5) breach of fiduciary duty.

(Doc. No. 1 at 3-10.)

Provident moved to dismiss the Complaint for failure to state a claim and to strike the prayer for punitive damages. (Doc. No. 25.) Hogan opposed this Motion except with regard to Count II which he voluntarily dismissed with prejudice. (Doc. Nos. 31, 33.) Hogan also moved for leave to amend the Complaint to add another defendant. (Doc. No. 37.) Provident opposed this Motion, claiming that leave to amend should be denied as futile. (Doc. No. 40.) The Court dismissed Counts I, III, IV, and V without prejudice, dismissed Count II with prejudice, and granted Plaintiff's Motion to Amend Complaint. (Doc. No. 41, filed July 20, 2009, at 13-14.)

Plaintiff Hogan then filed an Amended Complaint against both Defendants Provident and Unum asserting eight counts: (1) violation of § 624.155(1)(b)(1), Florida Statutes, by Provident for failing to attempt in good faith to settle Plaintiff's claims; (2) violation of § 626.9541(1)(i)(2), Florida Statutes, by Provident for making material misrepresentations to Plaintiff to effect a settlement on less favorable terms than those provided in the policy; (3) violation of § 626.9541(1)(i)(3), Florida Statutes, by Provident for its general business practice of mishandling claims; (4) breach of fiduciary duty by Unum; (5) aiding and abetting Unum's breach of fiduciary duty by Provident; (6) common law fraud by Unum with Provident vicariously liable for such fraud; (7) negligence by Unum with Provident vicariously liable for such negligence; and (8) conspiracy to commit the statutory violations in Counts I - III by Unum. Plaintiff also claimed punitive damages in each count. (Doc. No. 42.) Defendants now move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted or, alternatively, for a judgment on the pleadings. (Doc. No. 46.) Plaintiff opposes dismissal. (Doc. No. 49.)

**Standard of Review**

## I. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more
> than a sheer possibility that a defendant has acted unlawfully. Where a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of
the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations

of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable

behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## II. Judgment on the Pleadings

When there are no material facts in dispute, judgment may be rendered by considering the

substance of the pleadings and any judicially noticed facts. *Horsley v. Rivera*, 292 F.3d 695, 700

(11th Cir. 2002). Judgment on the pleadings is granted for the defendant only if "the plaintiff would

not be entitled to relief under any set of facts that could be proved consistent with the allegations."

*Id.*

### Analysis

Defendants move to dismiss the Amended Complaint for the following reasons: (1) Plaintiff

fails to plead sufficient facts in Counts I, II, III, VII, and VIII and fails to plead Counts II, III, VI,

and VIII with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure; (2)

Plaintiff's common law causes of action in Counts IV and V are not recognized under Florida law;

(3) Counts IV - VIII are duplicative of the statutory bad faith claims in Counts I - III; and (4)

Plaintiff fails to plead sufficient facts in his claims for punitive damages.[2]

---

[2] Defendants also argue the conditions precedent to bringing a statutory bad faith claim are
not satisfied with respect to Defendant Unum. (Doc. No. 46 at 15.) However, Plaintiff Hogan need
not satisfy the conditions precedent to bringing a statutory bad faith claim against Unum because
Hogan brings a statutory bad faith claim only against Defendant Provident. (Doc. No. 42 at 7-11.)

5

### I. Sufficiency of Pleading of Counts I, II, III, VI, VII, and VIII

#### A. Count I - Violation of § 624.155(1)(b)(1) by Defendant Provident

Hogan claims under Count I that Provident failed to attempt "in good faith to settle [Hogan's] claims when, under the circumstances, it could have and should have done so, had it acted fairly and honestly toward [Hogan], and with due regard for his interests," in violation of § 624.155(1)(b)(1), Florida Statutes. (Doc. No. 42 at 7-8.) Under Florida law, a first party's ability to bring a bad faith claim against an insurer is a right created by statute. *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1125-26 (Fla. 2005); *State Farm Mut. v. Laforet*, 658 So. 2d 55, 63 (Fla. 1995). The applicable statute, § 624.155, Florida Statutes, (2009), provides in pertinent part:

> (1) Any person may bring a civil action against an insurer when such person is damaged: . . .
> (b) By the commission of any of the following acts by the insurer:
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interest.

A first-party bad faith action under § 624.155(1)(b)(1) for failure to settle a claim does not accrue until there is a determination of whether the insurer is required to indemnify the insured. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Hogan satisfied this prerequisite by alleging that Provident confessed judgment and paid Hogan's past due disability payments. (Doc. No. 42 ¶¶ 9, 15.)

"Good faith" in the context of settling insurance claims has no precise definition. *See Am. Fid. & Cas. Co. v. Greyhound Corp.*, 258 F.2d 709, 715-16 (5th Cir. 1958) (interpreting Florida law and holding that good faith includes the duty "to make a diligent effort to ascertain the facts and, upon such factual knowledge, to make an honest decision" regarding settlement); *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980) ("The insurer must investigate the facts, give

fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so."); *Daiwa Prod., Inc. v. Nationsbank*, 885 So. 2d 884 (Fla. 4th DCA 2004) (defining good faith as "honesty in fact and the observance of reasonable commercial standards of fair dealing"). Whether good faith exists requires an assessment of the totality of the circumstances. *Laforet*, 658 So. 2d at 62-63. Hogan alleges that Provident was "engaged in a scheme to deny claims of [its] disabled policyholders, especially claims for subjective medical claims such as those maintained by Hogan [and] . . . set goals for claims termination to obtain financial gain . . . without respect to the merit of Hogan's claim, . . . which resulted in terminating benefits to policyholders, including Hogan." (Doc. No. 42 ¶ 19.) These statements plausibly establish Provident's lack of good faith in settling Hogan's claim because Provident was allegedly motivated by financial gain, not the merit of Hogan's claim, in denying benefits. Hogan also alleges how he was damaged by Provident's lack of good faith in settling his claims. (*Id.* ¶ 31.) Thus, Hogan pleads sufficient facts on Count I.

### B. Count II - Violation of § 626.9541(1)(i)(2) by Defendant Provident

Hogan contends in Count II that Provident made a material misrepresentation to him for the purpose of settling his claims on less favorable terms that those provided in his insurance contract in violation of § 626.9541(1)(i)(2), Florida Statutes (2009). (Doc. No. 42 ¶ 35.) Defendants argue that this claim fails to comply with the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. No. 46 at 24-25.)

Florida law creates a private right of action against an insurer for

> [a] material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy.

§§ 624.155(1)(a)(1), 626.9541(1)(i)(2), Fla. Stat. Rule 9(b) applies not only to claims of fraud, but also to claims of misrepresentation that "sound[] in fraud rather than negligence." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir.1993); *see also Sunoptic Tech., LLC v. Integra Luxtec, Inc.*, 2009 WL 722320 at *2 (M.D. Fla. Mar. 18, 2009); *Bailey v. Janssen Pharmaceutica, Inc.*, 2006 WL 3665417 at *7 (S.D. Fla. Nov. 14, 2006); *Harrison Enterprises, Inc. v. Moran*, 1999 WL 1211753 at *3 (S.D. Fla. 1999). The misrepresentation required by § 626.9541(1)(i)(2) sounds in fraud because it must be made for the purpose and with the intent of effecting settlement of a claim on less favorable terms than those provided in the policy. Thus, the heightened pleading requirements of Rule 9(b) apply to Count II.

Rule 9(b) is satisfied if the complaint sets forth:

(1) precisely what statements were made in what documents or oral representations or what omissions were made;
(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same;
(3) the content of such statements and the manner in which they misled the plaintiff; and
(4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002). None of Hogan's allegations in Count II of the First Amended Complaint[3] satisfy the four elements in *Clausen*. Thus, Hogan's claim for misrepresentation is not pled pursuant to Rule 9(b) and must be

---

[3] In the Amended Complaint, Plaintiff Hogan refers to documents attached to the original Complaint but not attached to the Amended Complaint. (Doc. No. 42 ¶¶ 4, 12, 13.) Pursuant to Rule 4.01 of the Local Rules of the Middle District of Florida, "[u]nless otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein." *See also Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (holding that the amended complaint supersedes the original complaint). The Court has not permitted Plaintiff to incorporate by reference parts of the original Complaint into the Amended Complaint. Thus, the Court looks only to the facts pled in the First Amended Complaint and the attachments thereto to determine if the First Amended Complaint is sufficiently pled.

dismissed.

## C. Count III - Violation of § 626.9541(1)(i)(3) by Defendant Provident

Hogan claims under Count III that Provident committed the following acts with such frequency as to indicate a general business practice in violation of § 626.9541(1)(i)(3), Florida Statutes (2009):

> a. Failing to adopt and implement standards for the proper investigation of claims;
> b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> c. Denying claims without conducting reasonable investigations based upon available information; and
> d. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.

(Doc. No. 42 ¶ 40.) These claims merely recite the statute, so Plaintiff must plead facts that plausibly establish these claims. §§ 626.9541(1)(i)(3)(a),(b),(d),(f), Fla. Stat.; *Iqbal*, 129 S. Ct. at 1949. Contrary to the language of § 626.9541(1)(i)(3), Hogan need not allege that these actions constitute a "general business practice" because the statute authorizing a private right of action for a violation of this section, § 624.155(1)(a)(1), Florida Statutes, eliminates that requirement. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So. 2d 1216, 1232-33 (Fla. 2006).

First, Hogan claims a violation of § 626.9541(1)(i)(3)(a) by Provident for failing to adopt and implement standards for the proper investigation of claims. The allegations that Provident excessively relied on its own medical professionals to deny Hogan's claim, unfairly construed medical reports, and inappropriately burdened Hogan with justification of his eligibility for benefits are conclusory and, by themselves, cannot plausibly establish this claim. However, Provident's alleged failure to adopt and implement standards for the proper investigation of claims is plausibly established by allegations that it failed to evaluate the totality of Hogan's medical condition, set

goals for claims termination to obtain financial gain without respect to the merit of Hogan's claim, and terminated Hogan's benefits solely for financial reasons. (Doc. No. 42 ¶¶ 18, 19.)

Hogan's claimed violation of § 626.9541(1)(i)(3)(b) for misrepresentation, however, is not pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and must be dismissed because it is supported by the same allegations as the deficient claim of misrepresentation under Count II. (Doc. No. 42 at 8, 10); *supra* part I.B. Hogan's claim that Provident violated § 626.9541(1)(i)(3)(d) for denying claims without conducting reasonable investigations is plausibly established by allegations that Provident set targets and goals for claims termination without regard to the merits of Hogan's claim and terminated Hogan's benefits solely for financial reasons. (Doc. No. 42 ¶ 19.)

Finally, Hogan claims that Provident violated § 626.9541(1)(i)(3)(f) by failing "to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement." Provident's failure to provide Hogan a reasonable explanation for the denial of benefits is plausibly established by the assertion that Provident told Hogan he was not entitled to further benefits under his policy because he was no longer disabled, during which time Provident was allegedly engaging in a scheme to deny claims without respect to the merits of such claims solely for financial gain. (Doc. No. 42 ¶¶ 13, 18-20.) Thus, Hogan has sufficiently pled three of the four claimed violations of § 626.9541(1)(i)(3) under Count III.

### D. Count VI - Fraud by Defendant Unum

Hogan's claim of fraud against Defendant Unum under Count VI is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. No. 42 at 14.) Hogan incorporates the same factual allegations into his claim for fraud as he does for his claim of

misrepresentation under Count II.  (Doc. No. 42 at 8, 14.)  As stated above, none of these factual allegations satisfies the heightened pleading requirements under Rule 9(b) and *Clausen*.  *See supra* part I.B.  Thus, Hogan's claim of fraud against Unum must be dismissed.

Hogan also claims that Provident is vicariously liable for Unum's fraud based on their agency relationship.  (Doc. No. 42 ¶¶ 57, 61.)  Hogan claims that Unum was Provident's actual agent and alternatively that Unum was Provident's apparent agent.  (*Id.* ¶ 7.)

The elements of actual agency are (1) acknowledgment by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent.  *Rubin v. Gabay*, 979 So. 2d 988, 990 (Fla. 4th DCA 2008).  The elements of apparent agency are (1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance upon such representation.  *Id.*

Hogan's  recitals of the elements of actual and apparent agency, by themselves, do not sufficiently plead an agency relationship.  *Iqbal*, 129 S. Ct. at 1949; (Doc. No. 42 ¶ 7.)  Hogan further alleges that the actual or apparent agency relationship between Unum and Provident "is demonstrated by Plaintiff's claims file and multiple pieces of correspondence to Plaintiff and his physicians on [Unum's] letterhead, [Unum's] facsimile communications, [Unum's] memoranda, and other documents."  It cannot be determined whether these documents plausibly establish an agency relationship because Hogan does not plead statements from these documents or incorporate these documents into the pleadings.  Thus, Hogan fails to sufficiently plead both the claim of fraud by Unum and the agency relationship between Provident and Unum.

### E.  Count VII - Negligence by Defendant Unum

Defendants challenge the sufficiency of the facts pled in Hogan's claim that Unum

negligently terminated his disability insurance benefits and that Provident is vicariously liable for the resulting harm. (Doc. No. 46 at 12.) "To maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." *Fla. Dep't of Corrs. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007). Whether a duty of care exists is a threshold question of law. *Wallace v. Dean*, 3 So. 3d 1035, 1046 (Fla. 2009). Pursuant to the "undertaker's doctrine," whenever one undertakes to provide a service to others, whether gratuitously or by contract, that person "thereby assumes a duty to act carefully and to not put others at an undue risk of harm." *Clay Electric Co-op, Inc. v. Johnson*, 873 So. 2d 1182, 1886 (Fla. 2003). The undertaker's doctrine imposes a duty of care not only on the parties to a contract but also to any third parties that perform services under the contract. *Id.* The duty of care owed by Unum to Hogan is plausibly established by Hogan's allegation that Unum's employees "adjusted, reviewed, evaluated, handled, approved, and/or denied Hogan's disability insurance benefits." (Doc. No. 42 ¶ 66.) A breach of this duty is plausibly established by Hogan's assertion that Unum failed to evaluate the totality of Hogan's medical condition, set goals for claims termination to obtain financial gain without respect to the merit of Hogan's claim, and terminated Hogan's benefits solely for financial reasons. (Doc. No. 42 ¶¶ 18, 19.) Hogan also pleads particular injuries that he alleges were proximately caused by Unum's breach of duty. (*Id.* ¶ 69.) Accordingly, Hogan alleges a claim for negligence against Defendant Unum.[4]

### F. Count VIII - Civil Conspiracy by Defendant Unum

Defendants challenge the sufficiency of the facts pled on Hogan's claim that Unum and Provident conspired to commit the actions of statutory bad faith alleged in Counts I - III. (Doc. No.

---

[4] However, Hogan's claim that Provident is vicariously liable under a theory or actual or apparent agency is not sufficiently pled. *See supra* part I.D.

46 at 13, 25.) "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008). "Conspiracy is not a separate or independent tort but is a vehicle for imputing the tortuous [sic] actions of one co-conspirator to another to establish joint and several liability." *Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 460 (Fla. 5th DCA 1999). Here, Hogan seeks to impute the tortious actions of Provident to Unum in Counts I - III.

The first element of conspiracy, an agreement between Provident and Unum, is plausibly established by the allegation that "Provident and Unum were engaged in a scheme to deny claims of their disabled policyholders, especially claims for subjective medical claims, such as those maintained by Hogan." (Doc. No. 42 ¶ 19.) The second element, that the agreement was to do an unlawful act, is plausibly established by the incorporation of the allegations of Counts I and III, which allege that Provident and Unum's acts violated Florida law. *See supra* parts I.A, I.C; (Doc. No. 42 ¶ 72). The third element, an overt act by Unum, is plausibly established by allegations that Unum kept "Provident from attempting in good faith to settle Plaintiff's claim when, under the circumstances, Provident could have and should have done so" and that Unum implemented "Provident's policies and procedures." (Doc. No. 42 ¶¶ 73, 75.) Finally, Hogan alleges his damages caused by the acts underlying the conspiracy. (*Id.* ¶ 76.) Thus, Hogan's claims of civil conspiracy against Unum to commit the unlawful acts alleged in Counts I and III[5] are sufficiently pled. Hogan's

---

[5] As stated *supra* part I.C., the allegation of misrepresentation as a basis for liability in Count III is insufficiently pled. Thus, the corresponding portion of the conspiracy claim involving this conduct is also insufficiently pled.

claim that Provident and Unum conspired to violate § 626.9541(1)(i)(2)[6] as alleged in Count II, however, must be dismissed because the misrepresentations underlying this claim are not pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. No. 42 ¶ 74); *supra* part I.B.

In summary, Counts I, VII, and the portions of Counts III and VIII not involving misrepresentation are properly pled. Counts II, VI, the portions of Counts III and VIII involving misrepresentation, and the portions of Counts VI and VII claiming vicariously liable by Provident for Unum's fraud and negligence must be dismissed.

## II. Common Law Causes of Action Against Defendants Unum and Provident

### A. Count IV - Breach of Fiduciary Duty by Defendant Unum

Hogan claims that Unum owed him a fiduciary duty and breached that duty. (Doc. No. 42 ¶ 5, 44-50.) Defendants argue in response that there can be no fiduciary relationship between Hogan and Unum, an insurance holding company, as a matter of law. (Doc. No. 46 at 11.)

There is no fiduciary relationship between an insurer and an insured under Florida law. *See Time Ins. Co., Inc. v. Burder*, 712 So. 2d 389, 391 (Fla. 1998) ("[U]nlike the fiduciary relationship existent in a third-party claim, the relationship between the [insured and insurer] is that of debtor and creditor."); *Cardenas v. Miami-Dade Yellow Cab Co.*, 538 So. 2d 491, 495 n.3 (Fla. 3d DCA 1989) ("[T]he insurer and the insured (first-party claimant), as debtor and creditor, stand at arm's length with respect to claims arising out of the insurance contract."). Therefore, it is appropriate to first determine whether Unum, as an insurance holding company, is also an insurer.

"Insurer" is defined to include "every person engaged as indemnitor, surety, or contractor

---

[6] Plaintiff errs by citing to § 624.155(1)(i)(2) and § 624.155(1)(i)(3), which do not exist. (Doc. No. 42 ¶¶ 72, 74, 75.)

in the business of entering into contracts of insurance or of annuity." § 624.103, Fla. Stat. Whether or not a holding company is an "insurer" is a factually dependent inquiry. In *Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 580 F. Supp. 2d 1294 (S.D. Fla. 2008), a single bill for policy premiums addressed to the insured bearing the letterhead of an insurer's holding company did not tend to prove that the holding company was "in the business of entering into contracts of insurance or of annuity," as there was no evidence to suggest that the holding company was a licensed insurer or that the holding company issued insurance policies. *Id.* at 1304-05. Similarly, Hogan's allegation that he received correspondence on Unum's letterhead, without more, does not tend to prove that Unum is "in the business of entering into contracts of insurance or of annuity." § 624.103, Fla. Stat.; (Doc. No. 1-4, Doc. No. 42 ¶ 13.) Finding no facts plausibly suggesting that Unum is an insurer, Hogan's claim of breach of fiduciary duty by Unum is not shown at this stage of the pleadings to be precluded by law.

Even though a claim of breach of fiduciary duty by an insurance holding company such as Unum is lawful, the facts alleged by Hogan must plausibly establish each element of the cause of action. *Iqbal*, 129 S. Ct. at 1949. "The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). A fiduciary relationship may be either express or implied. *Maxwell v. First United Bank*, 782 So. 2d 931, 933 (Fla. 4th DCA 1994). Express fiduciary relationships are created by contract or legal proceedings. *Id.* Implied fiduciary relationships "are premised upon the specific factual situation surrounding the transaction and the relationship of the parties" and exist where "confidence is reposed by one party and a trust accepted by the other." *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994). Thus, the plaintiff must allege both that the plaintiff placed trust in the defendant and the defendant

accepted that trust. *Abele v. Sawyer*, 747 So. 2d 415, 417 (Fla. 4th DCA 1999); *see also Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1071 (S.D. Fla. 2003). In addition, when parties deal at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other. *Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 541 (Fla. 5th DCA 2003).

No such relationship is alleged here. Hogan's conclusory allegations that he placed trust in Unum and that Unum accepted that trust merely recite the elements of the cause of action and, alone, cannot plausibly establish a fiduciary relationship between Unum and Hogan. *Iqbal*, 129 S. Ct. at 1949; (Doc. No. 42 ¶¶ 45.) While Hogan alleges that Unum's employees "adjusted, reviewed, evaluated, handled, approved, and/or denied" his disability insurance benefits and implemented Provident's policies and procedures, these allegations do not suggest that Unum accepted any trust extended by Hogan. (Doc. No. 42 ¶ 44.) Moreover, these allegations and others suggest that Unum's employees were functionally equivalent to the employees of the insurer, Provident. (*See* Doc. No. 42 ¶ 6 ("At all times relevant hereto, Provident utilized not only its own employees, but also used the employees of [Unum] as Provident's agents to adjust, review, evaluate, handle, approve, and/or deny Hogan's . . . benefits [and] appeal.") Employees of an insurer deal with an insured at arm's length. *Cardenas*, 538 So. 2d at 495 n.3. In addition, no fiduciary relationship exists between parties dealing at arm's length. *Taylor Woodrow Homes Fla., Inc.*, 850 So. 2d at 541. Thus, Unum's employees, being functionally equivalent to Provident's employees, dealt with Hogan at arm's length under the alleged facts, and no fiduciary relationship is alleged between Hogan and Unum. Accordingly, Hogan's claim for breach of fiduciary duty by Unum and must be dismissed.

**B. Count V - Aiding and Abetting Breach of Fiduciary Duty by Defendant Provident**

Hogan next claims that Provident aided and abetted Unum's breach of fiduciary duty. (Doc. No. 42 ¶ 51-56.) Defendants maintain that this cause of action does not exist under Florida law. (Doc. No. 46 at 11.)

A cause of action for aiding and abetting a breach of fiduciary duty exists under Florida law. *See Ft. Myers Dev. Corp. v. J.W. McWilliams Co.*, 122 So. 264, 268 (Fla. 1929); *Nerbonne, N.V. v. Lake Bryan Intern. Props.*, 689 So. 2d 322, 325 (Fla. 5th DCA 1997). The elements are "(1) a fiduciary duty on the part of the primary wrongdoer, (2) a breach of this fiduciary duty, (3) knowledge of the breach by the alleged aider and abettor, and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." *AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991). Although Hogan's claim for aiding and abetting Unum's breach of fiduciary duty by Provident is a valid cause of action, it must be dismissed because Hogan failed to sufficiently plead that Unum owed him a fiduciary duty. *See supra* part II.A.

**III. Duplicative Statutory and Common Law Claims Against Defendant Provident**

Defendants argue that Hogan's common law claims are duplicative of his statutory claims and must therefore be dismissed. (Doc. No. 46 at 14-15.) Because Plaintiff Hogan asserts statutory bad faith claims only against Defendant Provident, the Defendants' argument that the common law claims are duplicative of the statutory claims pertains only to the common law claims against Provident. The only common law claims against Provident are aiding and abetting Unum's alleged breach of fiduciary under Count V and vicarious liability for Unum's alleged fraud and negligence under Counts VI and VII. (Doc. No. 42.)

Defendants cite *QBE Ins. Corp. v. Dome Condo. Ass'n, Inc.*, 577 F. Supp. 2d 1256 (S.D. Fla. 2008), for the proposition that Hogan's common law claims against Defendant Provident are

duplicative of his statutory claims against Provident and must be dismissed. (Doc. No. 46 at 11-14.) However, *QBE Ins. Corp.* merely holds that an insured's claim against an insurer for breach of the duty of good faith and fair dealing must be asserted as a first-party bad faith claim under § 624.155, Florida Statutes, not as a common law cause of action. *QBE Ins. Corp*, 577 F. Supp. 2d at 1260-61; *see also Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1126 (Fla. 2005) ("[Section 624.155] essentially extended the duty of an insurer to act in good faith and deal fairly in those instances where an insured seeks first-party coverage or benefits under a policy of insurance."). Hogan does not assert a common law action for breach of the duty of good faith and fair dealing against Provident, so the holding of *QBE Ins. Corp.* is not controlling. Moreover, the Defendants do not cite, and the Court did not find, any law prohibiting Hogan's claim against Defendant Provident for aiding at abetting Unum's breach of fiduciary duty or for holding Provident vicariously liable for Unum's fraud and negligence under an agency theory. Thus, Hogan may lawfully assert these common law theories of recovery against Provident. *See supra* parts I.D, II.B.

Defendants also maintain that, pursuant to § 624.155(8), Florida Statutes, Plaintiff Hogan cannot plead both common law and statutory claims for holding Defendant Provident liable because this would afford Plaintiff Hogan double recovery for his alleged injuries. (Doc. No. 46 at 11.) However, § 624.155(8), Florida Statutes, merely prevents a plaintiff from obtaining judgments under both common law and statutory remedies for the same injury. This statute does not prohibit the pleading of claims. Rule 8(d)(3) of the Federal Rules of Civil Procedure, on the other hand, permits the pleading of all claims, even if they are legally inconsistent. Accordingly, Hogan may plead both common law and statutory claims against Provident.

## IV. Claims for Punitive Damages Against Defendants Provident and Unum

Defendants argue that Hogan failed to plead sufficient facts in his claims for punitive

damages on each of the eight asserted counts.[7]  (Doc. No. 46 at 16-23.)  Two different punitive

damages statutes apply to Hogan's claims here.  Punitive damages for the statutory violations

alleged in Counts I - III are not awarded "unless the acts giving rise to the violation occur with such

frequency as to indicate a general business practice and these acts are: (a) Willful, wanton, and

malicious; [or] (b) In reckless disregard for the rights of any insured . . . ."  § 624.155(5), Fla. Stat.

Hogan's allegations in Paragraphs 18 - 20[8] of the First Amended Complaint plausibly establish

conduct by Provident in reckless disregard for Hogan's rights as an insured, in particular, his

contractual right to receive benefits for his disability.  Hogan's conclusory statement that the

conduct alleged in Paragraphs 19 and 20 occurred with such frequency as to indicate a general

business practice cannot plausibly establish the general business practice element of punitive

damages.  (Doc. No. 42 ¶ 26.); *Iqbal*, 129 S. Ct. at 1949.  However, Hogan sufficiently pleads this

element by incorporating into Counts I - III of the First Amended Complaint the Multistate Market

Conduct Examination of Unum and its subsidiaries, including Provident, which states that "41.7%

_____

[7]  Defendants also argue for a judgment on the pleadings on Plaintiff Hogan's claims for punitive damages.  However, Defendants limit their analysis to the facts alleged in Paragraph 18 of the First Amended Complaint.  (*Compare* Doc. No. 46 at 17 ("All that is alleged is that Defendants engaged in the following conduct."), *with* Doc. No. 42 ¶¶ 18-22.)  Because a judgment on the pleadings is granted only if "the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations," *Horsley*, 292 F.3d at 700, it is inappropriate to address Defendants' argument for judgment on the pleadings because it fails to address all of Plaintiff's factual allegations in his claims for punitive damages.

[8]  Hogan alleges that Provident and Unum (1) failed to evaluate the totality of Hogan's medical condition; (2) engaged in a scheme to deny claims of their disabled policyholders, especially claims for "subjective" medical claims, such as those maintained by Hogan; (3) set targets and goals for claims termination to obtain financial gain for themselves, without respect to the merit of Hogan's claim; and (4) redesigned and restructured its claims process after concluding certain policies, like Hogan's, substantially impaired its financial capabilities.  (Doc. No. 42 ¶¶ 18-19.)  Hogan further alleges that Provident and Unum undertook all of this conduct solely for financial gain. (*Id.* ¶ 20.)

of the total claims reassessed[9] (involving 9,672 claims) were reversed in whole or part, resulting in a cumulative total of approximately $676.2 million of additional benefits either paid immediately or reserved for future payments."[10]  (Doc. No. 42 ¶ 21; Doc. No. 42-2 at 6.)  The high reversal rate of reassessed claims initially denied over an eight-year period plausibly establishes a general business practice by Provident to deny claims in reckless disregard for insureds' rights.  Thus, Hogan pleads sufficient facts in his claims for punitive damages against Provident for the alleged statutory violations in Counts I - III.

Pursuant to § 768.72, Florida Statutes, punitive damages on the common law claims under Counts IV - VII require a showing of intentional misconduct or gross negligence.  "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.  § 768.72(2)(a), Fla. Stat.  "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.  § 768.72(2)(b), Fla. Stat.  Both the standard for gross negligence here and the standard for punitive damages on the statutory claims are satisfied by conduct that recklessly disregards the rights of the insured.  Thus, Hogan's claims for punitive damages on the common law causes of actions are plausibly established by the same allegations that plausibly establish Hogan's

---

[9]  The reassessed claims were initially denied between January 1997 and January 2005, and Hogan's long-term disability claim was initially denied in February 2004.  (Doc. No. 42 ¶ 9; Doc. No. 42-2 at 5.)  In addition, most of the reassessed claims concerned long-term disability benefits, the same type of benefits claimed by Hogan here.  (Doc. No. 42-2 at 6.)

[9] Hogan also refers to a "Targeted Multistate Disability Income Market Conduct Examination and accompanying Regulatory Settlement Agreement," but neither of these documents are incorporated into the pleadings.  (Doc. No. 42 ¶ 26.)

claims for punitive damages on the statutory violations. (*See* Doc. No. 42 ¶¶ 18-20.) Accordingly, all of Plaintiff Hogan's claims for punitive damages are sufficiently pled.

## Conclusion

Based on the foregoing, the Consolidated Motion to Dismiss First Amended Complaint for Failure to State a Claim or, in the Alternative, Motion for Judgment on the Pleadings by Defendants Provident Life and Accident Insurance Company and Unum Group Corporation (Doc. No. 46) is **GRANTED in part and DENIED in part**. Counts II, IV, V, VI, the portions of Counts III and VIII requiring proof of misrepresentation, and the claim of vicarious liability by Defendant Provident in Count VII are **DISMISSED WITHOUT PREJUDICE**. The Motion is denied in all other respects. Plaintiff has leave to file a Second Amended Complaint that comports with this Order within eleven (11) days from the date of this Order. If the Plaintiff fails to timely submit a Second Amended Complaint, this action will proceed solely on the well-pled claims under the First Amended Complaint.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 15, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record